# EXHIBIT 1

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

Issued and Filed
Superior Court of California,
(SOLO PARA USO DE LA CORTE)
Sacramento
04/15/2024
bloxsov
By _____, Deputy
24CV007252

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART, INC., CORELLE BRANDS LLC, and DOES ONE through FIFTY, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NAFISAH HERNANDEZ

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California(www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,(www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER
*(Número del Caso):*

Sacramento Superior Court
720 Ninth Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew D. Davis/Andrew P. McDevitt/ Joseph Nicholson (141986/271371/284959)
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor San Francisco, CA 94108 (415) 981-7210

DATE: APR 1 5 2024     Clerk, by **V. BLOXSON**, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* WALMART, INC.
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

[SEAL]

BY FAX

Hernandez - 16666

Filed
Superior Court of California,
Sacramento
04/12/2024
bloxsov
By _____, Deputy
24CV007252

LAW OFFICES OF
WALKUP, MELODIA, KELLY & SCHOENBERGER
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

MATTHEW D. DAVIS (State Bar #141986)
mdavis@walkuplawoffice.com
ANDREW P. McDEVITT (State Bar #271371)
amcdevitt@walkuplawoffice.com
JOSEPH NICHOLSON (State Bar #284959)
jnicholson@walkuplawoffice.com
ATTORNEYS FOR PLAINTIFF NAFISAH
HERNANDEZ

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| NAFISAH HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WALMART, INC., CORELLE BRANDS LLC, and DOES ONE through FIFTY, inclusive,<br><br>　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) Strict Liability—Design Defect;<br>(2) Strict Liability—Failure to Warn;<br>(3) Strict Liability—Manufacturing Defect;<br>(4) Negligence—Products Liability;<br>(5) Negligence—Failure to Recall/Retrofit<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nafisah Hernandez hereby complains of defendants, and each of them, and alleges as follows.

### FIRST CAUSE OF ACTION

### [Strict Liability—Design Defect]

1.　On January 17, 2024, plaintiff Nafisah Hernandez suffered severe burns at her home in Sacramento, California, due to the catastrophic failure of an Instant Pot Duo 80 v5 pressure cooker.

1

COMPLAINT FOR DAMAGES

BY FAX

2.    Plaintiff is informed, and on that basis believes, that defendant Corelle Brands LLC is in the business of designing, manufacturing, marketing, supplying, distributing, and selling pressure cookers and did design, manufacture, market, supply, distributed and/or sell the subject pressure cooker.

3.    Plaintiff is informed, and on that basis believes, that defendant Walmart, Inc. marketed, supplied, distributed, and/or sold the subject pressure cooker on or about December 8, 2022, at its retail location in Roseville, California.

4.    Plaintiff is ignorant of the true names, capacities, bases for liability and involvements of defendants named herein as Does One through Fifty, inclusive, and therefore sue these defendants under such fictitious names.  Plaintiff will amend this Complaint to allege their true names, capacities, and involvements when same are finally determined. Plaintiff is informed and believe and thereupon allege that each of the fictitiously named defendants are negligently, maliciously, oppressively, fraudulently, recklessly, or strictly liable or otherwise responsible in some manner for the occurrences alleged, and plaintiff's harms and losses were caused by the negligence or other conduct of these defendants.

5.    At all times herein mentioned, each and every of the defendants was the agent, ostensible agent, servant, employee, partner, joint venturer, alter ego, affiliate, subsidiary, and/or franchisee of each of the other defendants, and each was at all times acting within the scope of such agency, service, partnership, employment, joint venture, affiliation and/or franchise.

6.    The design of the subject pressure cooker was defective. When used in an intended or reasonably foreseeable way, a safely designed pressure cooker would not cause scalding hot liquid, steam and other contents to erupt and cause serious injury to persons in the vicinity.

7.    As a direct legal and proximate result of the product's defective design, plaintiff Nafisah Hernandez was harmed and suffered physical pain, mental suffering and emotional distress. Furthermore, it became necessary for plaintiff to

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

2

COMPLAINT FOR DAMAGES

incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

8.    By reason of the premises, plaintiff has suffered a reduction and diminution of her earning capacity as well as a loss of wages, and a future loss of wages, in an amount that is presently unknown, and plaintiff prays leave to amend this complaint to insert her element of damage in this respect when the same are finally determined.

9.    By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) and special (economic) damages in sums exceeding the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### [Strict Liability—Failure to Warn]

10.    Plaintiff hereby incorporates by reference all facts and allegations of the preceding paragraphs as though alleged fully herein as part of this cause of action.

11.    Defendants designed, manufactured, marketed, supplied, distributed, and/or sold the subject pressure cooker. This product had potential risks that were known or knowable in light of the scientific knowledge generally available and accepted at the time. In particular, the subject pressure carried the risk that certain types of food—while still scalding hot—would splatter, spit, and/or erupt from the cooker as a result of ordinary and intended use. These risks presented a substantial danger to consumers and others when the product was used or misused in an intended or reasonably foreseeable way.

12.    Ordinary consumers would not have recognized the potential risks and defendants failed to adequately warn or instruct of the potential risks. Defendants failed to warn that the subject pressure cooker had a tendency to spit scalding hot liquid, steam and other contents.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

3

COMPLAINT FOR DAMAGES

13. Despite the known and knowable risks of serious personal injury, defendants failed to adequately warn or instruct of the potential risks and hazards of the subject pressure cooker.

14. As a direct legal and proximate result of defendants' failure to warn, plaintiff Nafisah Hernandez was harmed and suffered physical pain, mental suffering and emotional distress. Furthermore, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

15. By reason of the premises, plaintiff has suffered a reduction and diminution of her earning capacity as well as a loss of wages, and a future loss of wages, in an amount that is presently unknown, and plaintiff prays leave to amend this complaint to insert her element of damage in this respect when the same are finally determined.

16. By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) and special (economic) damages in sums exceeding the minimum jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION

### [Strict Liability—Manufacturing Defect]

17. Plaintiff hereby incorporates by reference all facts and allegations of the preceding paragraphs as though alleged fully herein as part of this cause of action.

18. The subject pressure cooker contained a manufacturing defect when it left defendants' possession in that it differed from the manufacturer's design, from the intended result and/or from other ostensibly identical units of the same product line. The defective product failed to match the quality of most like products in that it spit out scalding hot liquid, steam and other contents when used in an intended or reasonably foreseeable way.

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

19. As a direct legal and proximate result of a manufacturing defect, plaintiff Nafisah Hernandez was harmed and suffered physical pain, mental suffering and emotional distress. Furthermore, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

20. By reason of the premises, plaintiff has suffered a reduction and diminution of her earning capacity as well as a loss of wages, and a future loss of wages, in an amount that is presently unknown, and plaintiff prays leave to amend this complaint to insert her element of damage in this respect when the same are finally determined.

21. By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) and special (economic) damages in sums exceeding the minimum jurisdictional limits of this Court.

## FOURTH CAUSE OF ACTION

### [Negligence—Products Liability]

22. Plaintiff hereby incorporates by reference all facts and allegations of the preceding paragraphs as though alleged fully herein as part of this cause of action.

23. Defendants designed, manufactured, marketed, supplied, distributed, and/or sold the subject pressure cooker. In so doing, defendants failed to use the amount of care that a reasonably careful designer, manufacturer, marketer, supplier, distributor or seller would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

24. Defendants knew of the likelihood of severe harm from the product and failed to take reasonable safety measures to reduce or avoid the harm.

25. As a direct legal and proximate result of the carelessness and negligence of defendants, plaintiff Nafisah Hernandez was harmed and suffered physical pain,

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

5

COMPLAINT FOR DAMAGES

mental suffering and emotional distress. Furthermore, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other reasonably required and medically necessary supplies and services. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

26.    By reason of the premises, plaintiff has suffered a reduction and diminution of her earning capacity as well as a loss of wages, and a future loss of wages, in an amount that is presently unknown, and plaintiff prays leave to amend this complaint to insert her element of damage in this respect when the same are finally determined.

27.    By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) and special (economic) damages in sums exceeding the minimum jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION

### [Negligence—Failure to Recall/Retrofit]

28.    Plaintiff hereby incorporates by reference all facts and allegations of the preceding paragraphs as though alleged fully herein as part of this cause of action.

29.    Defendants, and each of them, became aware of defects in the subject pressure cooker. Yet, defendants, and each of them, failed to recall or retrofit the pressure cooker and failed to warn of the known unreasonable risks and safety hazards.

30.    Reasonably careful designers, manufacturers, marketers, suppliers, distributors and sellers would have recalled or retrofitted the pressure cooker in similar circumstances to avoid exposing others to a foreseeable risk of harm.

31.    As a direct legal and proximate result of the carelessness and negligence of defendants, plaintiff Nafisah Hernandez was harmed and suffered physical pain, mental suffering and emotional distress. Furthermore, it became necessary for plaintiff to incur expenses for doctors, hospitals, surgeries, nurses, and other

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

6

COMPLAINT FOR DAMAGES

reasonably required and medically necessary supplies and services. Plaintiff prays leave to amend this Complaint to insert these elements of damage in this respect when the same are finally determined.

32. By reason of the premises, plaintiff has suffered a reduction and diminution of her earning capacity as well as a loss of wages, and a future loss of wages, in an amount that is presently unknown, and plaintiff prays leave to amend this complaint to insert her element of damage in this respect when the same are finally determined.

33. By reason of the premises, and as a direct and legal result thereof, plaintiff has suffered and sustained general (non-economic) and special (economic) damages in sums exceeding the minimum jurisdictional limits of this Court.

WHEREFORE, plaintiff Nafisah Hernandez prays judgment against defendants, and each of them, as follows:

    a.   For general (non-economic) damages according to proof;

    b.   For special (economic damages) according to proof;

    c.   For costs of suit;

    d.   For pre-judgment interest according to law; and

    e.   For such other and further relief as the Court may deem proper.

Dated: April 12, 2024          WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____
MATTHEW D. DAVIS
ANDREW P. McDEVITT
JOSEPH NICHOLSON
Attorneys for PLAINTIFF NAFISAH HERNANDEZ

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all claims plead herein.

Dated: April 12, 2024

WALKUP, MELODIA, KELLY & SCHOENBERGER

By: _____

MATTHEW D. DAVIS
ANDREW P. McDEVITT
JOSEPH NICHOLSON
Attorneys for PLAINTIFF NAFISAH
HERNANDEZ

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

8

COMPLAINT FOR DAMAGES