CAROLINE G. MASSEY (299691)
caroline.massey@dinsmore.com
VARUN SABHARWAL (340353)
varun.sabharwal@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, California 92101
Tele: (619) 400-0500
Fax:  (619) 400-0501

Attorneys for Defendant, WALMART, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NAFISAH HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>WALMART INC.,<br><br>    Defendant. | Case No. 2:24-CV-02892-DC-AC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER APPROVING PARTIES' AGREED UPON PRODUCTION PROTOCOL FOR ELECTRONICALLY STORED INFORMATION (ESI)**<br><br>**DISCOVERY MATTER**<br><br>Trial Date:       None Set |

Plaintiff Nafisah Hernandez and Defendant, Walmart Inc. (hereinafter, "the Parties"), by and through their undersigned counsel, moves this Court for entry of an Order approving the Parties' agreed-upon production protocol regarding the production of discoverable documents originating from hard copy sources and as electronically stored information ("ESI") pursuant to Rule 34(E) of the Federal Rules of Civil Procedure and subject to Protective Order entered in this case. The Parties have agreed to and have submitted this Joint Stipulation and Proposed Order Approving the Parties' Agreed Upon Production Protocol for Electronically Stored Information.

1 –   Joint Stipulation and Proposed Order Approving the Parties' Agreed Upon Production Protocol for Electronically Stored Information

**General Provisions**

1. As used herein, "Requesting Party" means the party requesting production of documents. As used herein, "Producing Party" means the party that may be producing documents in response to the request of requesting party. As used herein, the words "Party" or "Parties" include the Requesting Party and the Producing Party.

2. This Protocol applies to the ESI provisions of the Federal Rules of Civil Procedure. Nothing contained herein modifies the provisions of the Federal Rules, specifically, any provisions regarding the effect of a written objection to inspection or copying of any or all of the designated materials or premises.

3. Nothing in this Protocol shall be deemed to prevent any Parties from agreeing to terms different than or inconsistent with the terms of this Protocol.

4. Nothing in this protocol shall be deemed to constitute a waiver of any objections a Producing Party may have with respect to any document request.

5. This ESI Protocol is intended to be consistent with the Federal Rules of Civil Procedure and does not alter the scope of discovery thereunder. Nothing in this protocol shall obligate a Party to preserve ESI outside the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Documents from hard copy sources**

6. The Parties will produce documents originating from hard copy sources ("Hard Copy Documents") in Group IV single-page TIFF format (black and white, 300 dpi) with corresponding searchable OCR text (or searchable PDF if production format dictates), along with the below-listed fielded data when available. The Parties will provide a standardized load file compatible with Concordance and with a Bates number field included in the load file to match text and fielded data with TIFF images (load file may be omitted with a PDF format production). With respect to Hard Copy Documents, data on the load file will include:

    a. Beginning Document Bates Number

        b.        Ending Document Bates Number

        c.        Beginning Family Bates Number (begins with 1st page of parent)

        d.        Ending Family Bates Number

        e.        Custodian or Source

        f.        Confidentiality Designation

        g.        Page Count

        h.        Redaction (Y/N)

        i.        Text File Path, including filename and extension (.txt)

**Electronically Stored Information**

Discovery of ESI shall proceed as follows:

7.     The Producing Party shall conduct a reasonable and good faith search for documents and ESI that are subject to production under the Federal Rules of Civil Procedure. If the Producing Party intends to filter ESI for relevancy prior to review and production, the parties will meet and confer as to whether any of the following processes may be used, consistent with the standard of care promulgated in the Federal Rules: (i) use keyword search terms that it in good faith believes will capture responsive ESI and review search term hits for responsiveness; (ii) limit the collection and review of ESI to the custodians the Producing Party reasonably believes have unique documents responsive to the document requests; (iii) limit the collection and review of ESI to a reasonable date range based on the claims asserted; (iv) use technology assisted review techniques. The Requesting Party may suggest keyword search terms for consideration by the Producing Party. If so, the Producing Party shall inform the Requesting Party of objectionable search terms and propose alternative terms that reasonably limit the documents for review to a number proportional to the needs of the case prior to or within a reasonable time period after conducting the search.

8.     Except as otherwise stated herein, the Parties will produce documents

originating as ESI, or kept as such in the ordinary course, in TIFF format with extracted text (or searchable PDF if production format dictates), along with the below-listed metadata fields when available. The Parties will provide a standardized load file compatible with Concordance and with a Bates number field included on the load file to match text and metadata with TIFF images (load file may be omitted with a PDF format production). With respect to ESI, data on the load file will include:

    a. Beginning Document Bates Number
    b. Ending Document Bates Number
    c. Beginning Family Bates Number (begins with 1st page of parent)
    d. Ending Family Bates Number
    e. Custodian or Source
    f. Duplicate Custodians
    g. Confidentiality Designation
    h. Page Count
    i. Redaction (Y/N)
    j. Document Date (if available)
    k. File Name (including extension)
    l. File Extension
    m. Document Type
    n. Email From
    o. Email To
    p. Email CC
    q. Email BCC
    r. Email Subject
    s. Email Date Received
    t. Email Time Received
    u. Email Date Sent
    v. Email Time Sent

      w. Timezone (UTC) {consider **local time zone** option for "time" fields}

      x. MD5 Hash Values (or alternatively agreed upon Hash Standard)

      y. Text File Path, including filename and extension (.txt)

      z. Native File Path, including filename and extension

9. The Parties may redact information that in good faith is determined to be privileged or protected from discovery. The parties shall meet and confer with respect to the redaction of information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information). All documents or ESI produced with redactions shall be accompanied with a privilege log containing detailed legal and factual information sufficient to justify the redaction.

10. The Parties will produce redacted documents in TIFF format with corresponding searchable OCR text (or in searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files.) and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

11. The Parties will produce relevant spreadsheets (*e.g.* Microsoft Excel) not requiring redaction in native format. For Excel spreadsheets requiring redaction the Parties shall meet and confer regarding native Excel redaction verses redaction applied to converted TIFF images (or in searchable PDF if production format dictates). At any time, the Parties may consider whether the information contained in Excel spreadsheet is available and should be produced from a structured data source from which the Excel spreadsheets are generated.

12. The Parties will produce slide shows (*e.g.* Microsoft PowerPoint presentations) not requiring redaction in native format. Slide shows requiring redaction will be produced as TIFF images with corresponding searchable OCR text (or in searchable PDF if production format dictates) and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

13. The Parties will produce in native format those documents and ESI that do not convert well to TIFF images (in addition to Excel and Power Point, *e.g.* oversized drawings, picture files, audio and video files), or will ask the receiving party to meet and confer regarding a reasonable alternative form of production. The Parties will produce in black and white. Parties should meet and confer regarding production of color images when said format is available.

14. The file name for the documents produced in native format will consist of a Bates number and a confidentiality designation if available. The Parties will provide a corresponding placeholder TIFF image (or PDF if production format dictates) for native files included in a production bearing a sequential BATES number within the family BATES range.

15. The Parties may withhold documents from production by designating the documents privileged pursuant to a claim of attorney-client privilege, work product protection, or other applicable privilege or immunity in accordance with the ***Protective Order*** entered in this case. When an attachment is withheld for privilege, the Producing Party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged", and bearing a sequential BATES number within the family BATES range. The production will also include a privilege log containing detailed legal and factual information sufficient to justify the redaction as required under the Federal Rules of Civil Procedure.

16. Within 21 days of the conclusion of all document productions, the Producing Party will produce a privilege log in PDF format (or Microsoft Excel) including the information required by the Federal Rules of Civil Procedure. Inadvertent failure to log privileged documents or metadata will not result in the waiver of privilege, provided that upon discovering the inadvertent omission, the Producing Party sends to the Requesting Party an addendum to the appropriate privilege log explaining the reason for the omission and providing the required

privilege log entries for the document(s).

17. The Parties will perform their own de-duplication of ESI. The Producing Party will not withhold any ESI on the basis of being duplicative..

18. Except as otherwise allowed herein, the Parties shall preserve parent-child relationships (the association between an attachment and its parent document) where possible. The Parties will provide a Beginning Family Bates Number and Ending Family Bates Number for each produced attachment in the data load file.

19. The Parties shall assign a Bates number to individual pages of TIFF documents (or PDF documents) and a Bates number to each document produced in native format. Bates numbers shall be unique across the entire document production and sequential within a given document.  The Parties will use the following Bates numbering convention:

    a.    Plaintiff Nafisah Hernandez: PLAINTIFF_XXXXX;

    b.    Defendant Walmart Inc.: WALMART_XXXXX;

20. The Parties understand that this protocol contemplates rolling productions of documents, and they acknowledge that nothing in this Order waives, restricts or eliminates the Parties' respective rolling production obligations, the Parties' respective supplementation obligations prescribed in the Federal Rules of Civil Procedure or the Parties' "claw-back" rights and obligations pursuant to the ***Protective Order*** in this case.

21. If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the Parties shall meet and confer to try to agree on a reasonable, alternative form of production.  Nothing in this protocol prohibits a party from seeking relief from this protocol pursuant to Federal law, the Federal Rules, California state law, and related discovery rule(s).

22. When documents produced in accordance with this protocol are used in any proceeding herein, including depositions, hearings, or trial, the image copy of documents as described herein (Paragraphs 6, 8, 10-13) shall be the copy used unless

7 – Joint Stipulation and Proposed Order Approving the Parties' Agreed Upon Production Protocol for Electronically Stored Information

the image copy is so illegible or unwieldy to make it infeasible to use as a deposition exhibit, in which case the native version may be used. If the native version is used as an exhibit, the record of the deposition must identify the exhibit using its BATES number, and the BATES number shall also be written on any paper or electronic copy of the exhibit. The confidentiality designation of the document shall also be stated on the record of the deposition and shall be written on any paper or electronic copy of the exhibit. Extracted text files shall not be used in any proceeding as a substitute for the image of any document. This paragraph does not apply to any summary exhibits or demonstratives.

23. Each party will bear the costs to process and review its own documents according to this protocol. Notwithstanding this paragraph, nothing in this Document Production Protocol limits or prohibits a prevailing party from seeking recovery of all allowable fees and costs, including attorney fees and costs, as may be permitted under applicable law and as provided by the Federal Rules of Civil Procedure and federal law more generally.

24. Nothing in this protocol shall be construed to affect, modify or amend the Parties' **Protective Order** filed with the Court.

25. Nothing in this protocol shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time in accordance with federal law, the Federal Rules of Civil Procedure, and related discovery rule(s).

**Production of Databases and Other Structured Data.**

26. Generally, relevant ESI stored in databases should be produced in a mutually agreeable data exchange format.

27. The Parties will meet and confer to address the production and production format of any responsive data contained in a database or other structured data source. If ESI in commercial or proprietary database format can be produced in

an already existing and reasonably available report form, the Parties will produce the information in such a report form, in the reasonably usable TIFF-image format. If an existing report form is not reasonably available, the Parties will meet and confer to attempt to identify a mutually agreeable report form (PDF, Excel, csv).

28.     Nothing herein shall obligate a Producing Party to custom reporting. The Parties shall meet and confer to discuss the associated cost and proportionality of any custom reporting.

**Other Data Sources**

29.     The Parties share a desire to ensure that ESI is produced in an acceptable, searchable format. The Parties recognize that certain, limited ESI may not be amenable to the proposed technical specifications. The Parties will meet and confer in good faith to reach agreement regarding these issues and the appropriate form of production and will seek Court intervention if necessary.

**Deficiency Procedure**

30.     If the Requesting Party has good cause to believe that a Producing Party's discovery efforts have been deficient, the Parties will meet and confer with the goal of identifying a means by which the Producing Party can provide assurances of the reasonableness of its discovery efforts.

31.     As used in this section, "good cause" requires more than mere speculation; the Requesting Party must offer some concrete evidence of a deficiency in the Producing Party's discovery process.

32.     Upon a showing of good cause, the Parties will meet and confer to consider appropriate means to assess the reasonableness of a Producing Party's discovery efforts, or to identify additional proportional production criteria to cure the deficiency.

33.     If the Parties are unable to agree upon a means by which the Producing Party can provide assurances of the reasonableness of its discovery efforts, the Parties will submit the dispute to the Court.

9 – Joint Stipulation and Proposed Order Approving the Parties' Agreed Upon Production Protocol for Electronically Stored Information

**Clawback Provision**

34. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

35. This ESI Protocol shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence and Federal Rules of Civil Procedure and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

36. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

37. If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

38. A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose. The Parties shall meet and confer regarding any clawback request.

The Parties so stipulate:

Dated: September 8, 2025          Walkup, Melodia, Kelly & Schoenberger

By:  /s/ Joseph Nicholson
    Andrew McDevitt
    Matthew D. Davis
    Joseph Nicholson
ATTORNEYS FOR PLAINTIFF
NAFISAH HERNANDEZ

Dated: September 8, 2025          Dinsmore & Shohl LLP

By:  /s/ Varun Sabharwal
    Caroline G. Massey
    Varun Sabharwal
Attorneys for Defendant
WALMART, INC.

**ORDER**

**IT IS SO ORDERED.**

Dated: September 22, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11 – Joint Stipulation and Proposed Order Approving the Parties' Agreed Upon Production Protocol for Electronically Stored Information